Wyly, J.
C. P. Jarret died in 1862, leaving an estate consisting of a house and lot in the town of Clinton, and personal property, all held -in community with his surviving wife. He left one minor child. W. D. G-ayle qualified as administrator of the estate. On the eighth of February, 1864, she applied for an order of sale to effect a partition. On the same day a decree was signed, ordering the- sale, fixing the terms as to her interest, and ordering a family meeting to fix the terms for the minor’s interest. The family meeting assembled and advised the sale of the property for cash, provided it brought its appraisement; otherwise on terms of credit. The property was sold by virtue of this decree, and the defendant became the purchaser, for $3500 cash, which She paid, and the administrator received, in Confederate money. In 1866, she gave her receipt to said administrator for $350, the estimated value of the Confederate money. She has brought this suit in the alternative to recover the property or to compel compliance with the bid in currency.
The court rejected the demand, and plaintiff appeals.
The only objection urged to the sale is, the price was paid in Confederate currency.
There are three grounds fatal to plaintiff’s pretensions in this case:
First — The contract by which the defendant acquired the property in 1864 was an executed judicial sale, which is protected by article 149 of the constitution of 1868, and the jurisprudence on this point is settled. See 23 An. 610, 614 j 21 An. 514, 540.
Second, — The plaintiff, by receiving $350 of the proceeds, or that sum in national currency, being the estimated value of the Confederate notes received as the price, ratified the sale.
Third — She can not keep the price, or any part thereof, and claim the thing sold.
Judgment affirmed.